## Case No. 11,608.

### READ et al. v. HAYNIE.

[Hempst. 700.] [1]

Circuit Court. D. Arkansas. April, 1855.

CONTINUANCE—AFFIDAVIT OF ATTORNEY—FACTS WITHIN KNOWLEDGE OF AFFIANT.

1. A continuance will not be granted on the affidavit of an attorney, stating what his client told him.

2. The facts in an affidavit for a continuance should be within the knowledge of the affiant.

[This was an action of debt by G. W. Read and J. Read against F. Haynie.]

George A. Gallagher, for defendant, made an affidavit for the continuance of the case, founded on statements made to him by the defendant, as to the matter he expected to prove, and thereupon moved for a continuance. This, among other objections, was made to the affidavit by A. Pike, namely, that it was not such as the law required; the statement of the client to the counsel being an unsworn statement.

Before DANIEL, Circuit Justice, and RINGO, District Judge.

DANIEL, Circuit Justice. In view of the fact that this court is held once a year only, continuances ought not to be granted, except on the strongest grounds. What a client says to his counsel, although it may be sworn to by the latter, is at least an unsworn statement, which the court cannot act on. It would be very dangerous to give it credence, for it would place the continuance of causes within the power of defendants, and without exacting from them any oath at all. All they would have to do would be to tell their counsel what they expected to prove, and for the counsel, having no knowledge of the facts on his part, and swearing to none, to simply

1 [Reported by Samuel H. Hempstead, Esq.]

swear that the client told him so and so. Such a practice cannot be tolerated; and no continuance can be granted on such an affidavit. The facts stated should be within the knowledge of the affiant, and proper diligence should be shown. The motion for a continuance must be overruled. Motion denied and judgment by nil dicit for plaintiffs.